IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ALONZO CHAPMAN,
        Plaintiff,

vs.

        Civil Action No.
        COMPLAINT
        (Jury Trial Demand)

MILWAUKEE COUNTY
        Defendant.

## NATURE OF ACTION

This action is brought pursuant to the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §2000e et seq., and the civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex of national origin.

## JURISDICTION

1. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 in that this case arises under federal law, specifically, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq.

2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. §1367(a).

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

4. The plaintiff, Alonzo Chapman, is an adult citizen of the United States and the State of Wisconsin, residing at 6735 North 109th Street, Milwaukee, Wisconsin. The plaintiff is a 52 year old African American male.

5. The defendant, Milwaukee County, is a body corporate, organized under Chapter 59 of the Wisconsin Statues. The defendant is an employer within the meaning of 42 U.S.C. §2000e (b).

## VENUE

6. Venue is proper in the Eastern District of Wisconsin pursuant o Section 706(f)(3) of Title VII, 42 U.S.C. §2000e - 5(f)(3), because the unlawful employment discrimination giving rise to plaintiff's claims occurred in this District.

EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. The plaintiff has exhausted his administrative remedies. He filed a timely administrative charge of discrimination against the defendant with the U.S. Equal Employment Opportunity Commission (EEOC) and the Wisconsin Equal Rights Division (ERD).

   The EEOC issued a letter of determination on October 9, 2014. All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

Count I: Unlawful Discrimination

8. The plaintiff commenced employment with the defendant on April 2, 2012, as an Assistant Fire Chief at Defendant's General Mitchell International Airport ("GMIA"), where he remains employed at the present time. From the commencement of his employment until March 25, 2014, the plaintiff's supervisor was Paul Menches, who held the position of Airport Fire Chief at GMIA.

9. During the period from approximately November, 2013 through March 25, 2014, Defendant Milwaukee County, through its airport Chief Paul Menches, engaged in unlawful employment practices at it facility in Milwaukee, Wisconsin, in violation of Title VII of the Civil Rights Act of 1964 and the Wisconsin Fair Employment Act.

10. As Assistant Chief and Chief of Staff, on or about March 28, 2012, the plaintiff dutifully reported to Chief Menches a very serious breach of firefighting protocol in connection with an emergency situation with a plane landing, which breach could have endangered the lives of passengers and created a disaster. Chief Menches failed to take any action to address the matter. Consistent with his duties as Incident Commander on the scene, the plaintiff reported the incident and Chief Menches' failure to take action to address the breach to Airport Deputy Director Terry Blue.

11. Subsequently, the plaintiff was "written-up" by Mr. Blue and suspended for ten days for reporting the behavior described in paragraph 10. The suspension was not only unwarranted and unjustified, but was different treatment for Mr. Chapman than other white firefighters who have actually engaged in acts of misconduct and were not disciplined or suspended.

12. Chief Menches and Assistant Deputy Director Blue treated Assistant Chief Chapman different than the way they treated other similarly situated firefighters for engaging in conduct and behaviors that greatly exceeded the plaintiff's actions because of the plaintiff's race.

13. The concept of "progressive discipline" is the standard in the industry with respect to fire departments around the nation, including the department at GMIA. While progressive discipline was utilized with other similarly situated white employees such that they

received less strident discipline for policy violations, the plaintiff was subjected to disciplinary suspension and not afforded progressive discipline for an action that was consistent with his job duties and responsibilities.

14. The failure of the defendant to afford the plaintiff the benefit of progressive discipline as made available to similarly situated white employees was racially motivated and was intentional and resulted in injury and damage to the plaintiff, including lost wages, stress and humiliation.

## Count II - Retaliation

15. After the plaintiff reported the facts relating to the breach of protocol and Chief Menches' failure to address it, Chief Menches came to the plaintiff's office and initiated a conversation with the plaintiff that was threatening and intimidating. Subsequently, Mr. Blue attempted to persuade the plaintiff to withdraw his allegations concerning Chief Menches. When the plaintiff refused, he was retaliated against and suspended for 10 days.

16. The suspension of the plaintiff was retaliatory and was different treatment than afforded to the plaintiff's white colleagues, who received progressive discipline. The difference in treatment of the plaintiff is based on his race. The plaintiff is the only African American employee of GMIA Fire Department and the only employee who has been subjected to this type of retaliatory discipline.

## JURY TRIAL DEMAND

Plaintiff hereby requests a trial by jury on all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully request that this Court :

A. Order affirmative relief necessary to eradicate the effects of the defendant's unlawful employment practices, including, but not limited to, removing the suspension from plaintiff's file.

B. Order the defendant to make whole Alonzo Chapman by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial.

C. Order defendant to pay the plaintiff compensatory damages in the amount of $50,000.00 for its intentional conduct that caused the plaintiff stress and humiliation, as described herein.

D. Grant such further relief as the Court deems necessary and proper under the circumstances.

E. Award the plaintiff his attorneys fees and costs of this action.

Date at Milwaukee, Wisconsin this 6th day of January, 2015.

    s/James H. Hall, Jr.
James H. Hall, Jr.
State Bar No. 1004338
Attorney for the Plaintiff
Hall, Burce & Olson, S.C.
759 N. Milwaukee Street
Suite 410
Milwaukee, Wisconsin 53202
(414) 273-2001
(414) 273-2015
jhh@hall-legal.com