# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALONZO CHAPMAN,

                        Plaintiff,

          v.                              Case No. 15-CV-14

MILWAUKEE COUNTY,

                        Defendant.

# ORDER

## I. Procedural History

Plaintiff Alonzo Chapman filed a complaint in this court alleging that defendant Milwaukee County discriminated against him due to his race. (ECF No. 1.) He amended his complaint the following day. (ECF No. 2.) Milwaukee County has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (ECF No. 13.) The court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper under 42 U.S.C. § 2000e–5(f)(3). All parties have consented to have this court resolve this matter. (ECF No. 3, 5.)

## II. Facts

The following facts are taken from the Amended Complaint and viewed in the light most favorable to Chapman as the non-moving party. *See Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).

Chapman began working as an Assistant Fire Chief at General Mitchell International Airport on April 2, 2012. (ECF No. 1, ¶ 8.) His supervisor was Paul Menches, who was the Airport Fire Chief. (ECF No. 1, ¶8.) On March 28, 2012, Chapman reported to Menches an incident involving "a very serious breach of firefighting protocol in connection with an emergency situation with a plane landing[.]" (ECF No. 2, ¶¶ 8, 10.) (Certain dates in the complaint are likely erroneous. The date Chapman states the incident occurred is before the date his amended complaint says he began his employment at the airport.) When Menches did not take any action, Chapman reported the matter to Airport Deputy Director Terry Blue. (ECF No. 2, ¶ 10.) Blue subsequently "wrote up" Chapman and suspended him for 10 days for reporting about Menches. (ECF No. 2, ¶ 11.)

The Amended Complaint contains two causes of action. The first, entitled "Unlawful Discrimination," alleges that Menches and Blue treated Chapman "different than the way they treated other similarly situated firefighters for engaging in conduct and behaviors that greatly exceeded" Chapman's actions in reporting about Menches. (ECF No. 12.) Specifically, Chapman alleges he was treated differently than similarly

situated white firefighters who were subject to progressive discipline rather than being immediately suspended. (ECF No. 2, ¶¶ 13-14.) The second cause of action, for "Retaliation," alleges that the suspension was in retaliation for Chapman refusing "to withdraw his allegations concerning Chief Menches." (ECF No. 2, ¶ 15.)

III.   **Motion for Judgment on the Pleadings Standard**

"Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to set forth in the complaint 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Vinson v. Vermilion County*, 776 F.3d 924, 928 (7th Cir. 2015). This "short and plain" "statement need only give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Rule 12(c) of the Federal Rules of Civil Procedure states, "[a]fter the pleadings are closed…a party may move for judgment on the pleadings." A motion for judgment on the pleadings pursuant to rule 12(c) is generally subject to the same standard as a Rule 12(b) motion to dismiss: "the complaint must state a claim that is plausible on its face." *Vinson*, 776 at 928.

The court must determine whether the Amended Complaint contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As long as the Chapman has given Milwaukee County "fair notice of what the …claim is and the grounds upon which it rests" so as to "raise a right to relief above the speculative level," the court should not dismiss the

Amended Complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

However, Rule 12(c) is more expansive than Rule 12(b)(6). For example, it may be used to seek resolution of a case based upon an affirmative defense, *United States v. Rogers Cartage Co.*, 794 F.3d 854, 860-61 (7th Cir. 2015), as Milwaukee County does here when it relies upon the statute of limitations. When the movant seeks relief under 12(c) based upon the substantive merits of the case rather than a procedural defect cognizable under 12(b)(6), the court applies the standard applicable to a motion for summary judgment. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). Thus, the court considers whether there exists a "genuine dispute as to any material fact" and whether the movant "is entitled to judgment as a matter of law." *Conley v. Birch*, 796 F.3d 742, ___, 2015 U.S. App. LEXIS 13739, 9 (7th Cir. 2015) (quoting Fed. R. Civ. P. 56(a)). The difference between Rule 12(c) and Rule 56 is that under Rule 12(c) the court's review is limited to the pleadings. *Alexander*, 994 F.2d at 336. "When the complaint itself contains everything needed to show that the defendant must prevail on an affirmative defense, then the court can resolve the suit on the pleadings under Rule 12(c)." *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 658 F.3d 662, 665 (7th Cir. 2011); *see also Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c).").

IV.   Analysis

Milwaukee County contends that it is entitled to judgment on the pleadings because Chapman failed to file his charge with Equal Employment Opportunity Commission (EEOC) within 300 days of the allegedly discriminatory conduct, which Milwaukee County identifies as Chapman's suspension. Its motion, of course, depends upon identifying the date the discrimination occurred as well as the date Chapman filed his charge with the EEOC. Those facts are not included in the Amended Complaint. Therefore, Milwaukee County's attorney submitted an affidavit in support of his motion, to which he attached as an exhibit Chapman's EEOC charge, which contains both dates.

Generally, presenting matters outside the pleadings on a Rule 12(c) motion will result in the motion being converted into one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).  However, because Chapman's Amended Complaint references his EEOC charge (ECF No. 2, ¶ 7), Milwaukee County was free to attach the charge to its motion for judgment on the pleadings without converting the motion into one for summary judgment. *See Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

According to Chapman's EEOC Charge (ECF No. 15-1 at 1-3), he was informed of his suspension on May 2, 2013, and served it that same month. (ECF No. 15-1 at 2.) He filed his charge with the EEOC on May 5, 2014. (ECF No. 15-1 at 2.) Given Chapman's admission that he was notified of and served his suspension in May 2013, the latest date

5

the discriminatory conduct can be said to have occurred was the end of that month, which was 339 days before he filed his EEOC complaint. Thus, Chapman's May 2013 suspension cannot serve as the basis for his discrimination or retaliation claims. *See Salas v. Wis. Dep't of Corr.*, 493 F.3d 913, 921 (7th Cir. 2007) ("Title VII provides that a charge of discriminatory employment practices shall be filed with the EEOC within 300 days 'after the alleged unlawful employment practice occurred.'") (quoting 42 U.S.C. § 2000e-5(e)(1)). "Failure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII." *Id.* (citing *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005)). Chapman does not argue that his claims related to his suspension were, in fact, filed within 300 days of EEOC charge. Therefore, the court finds that there is no dispute of material fact and that Milwaukee County is entitled to judgment as a matter of law with respect to Chapman's claims related to his suspension.

However, Chapman argues that his Amended Complaint alleges discrimination and retaliation beyond just the suspension. (ECF No. 16 at 4.) He states that "the complaint also alleges…that, in addition to the suspension, Mr. Chapman was treated differently than others and retaliated against. Those acts and conduct on the part of the defendant are not limited to the suspension, and some occurred within the 300 day period for filing a charge." (ECF No. 16 at 4.) He cites to paragraph 12 of the Amended Complaint, which alleges that Menches and Blue "treated Assistant Chief Chapman different than the way they treated other similarly situated firefighters for engaging in

6

conduct and behaviors that greatly exceeded the plaintiff's actions because of the plaintiff's race." Chapman also alleges, "During the period from approximately November, 2013 through March 25, 2014, Defendant Milwaukee County, through its airport Chief Paul Menches, engaged in unlawful employment practices at it [sic] facility in Milwaukee, Wisconsin, in violation of Title VII of the Civil Rights Act of 1964 and the Wisconsin Fair Employment Act." (ECF No. 2, ¶ 9.) Notably, Chapman's suspension was many months before this November 2013 through March 25, 2014 time-frame.

Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," but it does demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint that offers "'naked assertion[s]' devoid of 'further factual enhancement,'" "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

Other than the details regarding Chapman's time-barred suspension, the Amended Complaint contains only unadorned conclusions regarding other discrimination. As such, it is insufficient under Rule 8 and must be dismissed.

7

Consequently, Milwaukee County's motion will be granted and the Amended Complaint dismissed. However, the court shall afford Chapman a limited opportunity to submit a second amended complaint that is sufficient under Rule 8. *See Johnson v. Cent. States Funds*, 2014 U.S. Dist. LEXIS 104445 (N.D. Ill. July 31, 2014).

**IT IS THEREFORE ORDERED** that Milwaukee County's motion (ECF No. 13) (which is more properly regarded as a motion for *partial* judgment on the pleadings in that it addressed only the claim related to Chapman's suspension and not the additional allegedly unlawful conduct) is granted and the Amended Complaint is dismissed. However, within **7 days** of the date of this order, Chapman may file a second amended complaint that complies with Rule 8. If Chapman fails to timely file a second amended complaint, this action will be dismissed.

Dated at Milwaukee, Wisconsin this 25th day of September, 2015.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge